UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANH PHOMMAVONG,<br><br>             Plaintiffs,<br><br>       v.<br><br>LEWIS, et al.,<br><br>             Defendants. | No. 1:25-cv-01527-KES-SAB<br><br>ORDER STRIKING UNSIGNED COMPLAINT<br><br>(ECF No. 1)<br><br>ORDER TO FILE SIGNED COMPLAINT<br><br>**THIRTY-DAY DEADLINE** |

      Plaintiff is proceeding *pro se* in this action. In preparing to screen the complaint for subject-matter jurisdiction, the Court notes that Plaintiff's complaint lacks any signature. Both the Federal Rules of Civil Procedure and this Court's Local Rules require that all filed pleadings, motions and papers be signed by at least one attorney of record or by the party personally if the party is unrepresented. Fed. R. Civ. P. 11(a); Local Rule 131(b). As Plaintiff's complaint is unsigned, the Court must strike it from the record. Plaintiff will be permitted **thirty (30) days** to file a signed complaint that complies with Federal Rules of Civil Procedure and the Local Rules.

      Notwithstanding that the Court will strike the complaint for lack of a signature, the Court at this time also addresses the issue of subject-matter jurisdiction for Plaintiff's benefit. Federal courts are courts of limited jurisdiction, meaning they may only hear specific types of cases. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). Lack of subject matter

1    jurisdiction can be raised at any time by any party or *sua sponte* by the court.  See Csibi v. Fustos,
2    670 F.2d 134, 136 n.3 (9th Cir. 1982).

3         There are two ways to establish subject-matter jurisdiction in the federal courts.  First,
4    federal question jurisdiction permits an individual to bring a claim in federal court if it arises
5    under federal law, including the U.S. Constitution.  28 U.S.C. § 1331.  Federal question
6    jurisdiction requires that the federal question appears on the face of a well pleaded complaint.
7    Federal question subject-matter jurisdiction is frequently derived from federal statutes granting a
8    cause of action to parties who have suffered a particular injury.[1]

9         Second, diversity jurisdiction generally permits individuals to bring claims in federal court
10   where the claim exceeds $75,000 and the parties are citizens of different states.  See 28 U.S.C.
11   § 1332.  For example, if a citizen of New York sues a citizen of California for $75,001, a federal
12   court would have subject-matter jurisdiction to hear that claim.

13        Here, the Court observes that Plaintiff has not specified whether this case proceeds under
14   federal question jurisdiction or diversity jurisdiction.  Nor are there any allegations in the
15   complaint that would indicate as such.[2]  Thus, the Court notes that, as pleaded, Plaintiff's
16   complaint fails to adequately allege that the Court has subject-matter jurisdiction over the case.
17   This failure prevents the Court from hearing the case and would require dismissal of the action.
18   Should Plaintiff file an amended complaint, he should be sure to adequately address the issue of
19   subject-matter jurisdiction.

20        Based on the foregoing, it is HEREBY ORDERED that:

21        1.     Plaintiff's complaint (ECF No. 1), is STRICKEN from the record for lack of
22              signature;

23        2.     The Clerk of the Court is directed to send to Plaintiff a Complaint for Civil Case
24              form;

25        3.     Within **thirty (30) days** from the date of service of this order, Plaintiff SHALL file

---

[1] Furthermore, 28 U.S.C. § 1367 provides for supplemental jurisdiction in federal courts.  It allows a federal court to hear a claim over which it does not have independent subject-matter jurisdiction if the claim is related to a claim over which the federal court does have independent jurisdiction.

[2] The Court observes that there are no allegations whatsoever in the complaint. (ECF No. 1.)

a **signed complaint** not to exceed twenty-five (25) pages in length (excluding exhibits); and

4. Plaintiff is warned that the failure to comply with this order will result in recommendation of dismissal of this action for failure to obey a court order, for failure to prosecute, and for lack of subject-matter jurisdiction.

IT IS SO ORDERED.

Dated: __December 1, 2025__

STANLEY A. BOONE
United States Magistrate Judge