# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANH PHOMMAVONG,<br><br>   Plaintiff,<br><br>   v.<br><br>LEWIS, et al.,<br><br>   Defendants. | Case No. 1:25-cv-01527-KES-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION<br><br>(ECF Nos. 1-2)<br><br>**OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

  Chanh Phommavong ("Plaintiff"), who is proceeding *pro se* filed this action on November 10, 2025. (ECF No. 1.) On December 1, 2025, Plaintiff's complaint was stricken from the record for lack of signature and the undersigned ordered Plaintiff to file a signed complaint, not to exceed twenty-five pages in length, within thirty days. (ECF No. 2.) In its order, Plaintiff was advised that, "failure to comply with this order will result in recommendation of dismissal of this action for failure to obey a court order [and] for failure to prosecute." (Id.) The deadline for Plaintiff to file a signed complaint has now passed, and the Court will now recommend that this matter be dismissed for failure to prosecute and for failure to comply with the Court's December 1, 2025 order.

/ / /

/ / /

/ / /

## I.

## DISCUSSION

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  Bautista v. Los Angeles Cty., 216 F.3d 837, 841 (9th Cir. 2000); Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404 (9th Cir. 2010).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, the Court must weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  Carey, 856 F.2d at 1440 (quoting Henderson, 779 F.2d at 1423).  These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action.  In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

In this instance the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal.  Plaintiff has failed to comply or otherwise respond to the Court's order.  Plaintiff's failure to comply with the order of the Court hinders the Court's ability to move this action towards disposition and indicates that Plaintiff

does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action.  In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).  The risk of prejudice to the Defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is outweighed by the factors in favor of dismissal.  It is Plaintiff's responsibility to move this action forward.  This action can proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted.  The Court finds this factor does not outweigh Plaintiff's failure to comply with the Court's order.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Malone, 833 at 132-33.  The Court's December 1, 2025 order expressly stated: "Plaintiff is warned that the failure to comply with this order will result in recommendation of dismissal of this action for failure to obey a court order [and] for failure to prosecute." (ECF No. 2).  Thus, Plaintiff had adequate warning that dismissal of this action would result from noncompliance with the Court's order.

**II.**

**RECOMMENDATION**

Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED without prejudice, for Plaintiff's failure to abide by the Court's order and for failure to prosecute.

These findings and recommendations are submitted to the District Judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen (14) days** of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The District Judge will review the undersigned's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may result in the

waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **January 9, 2026**

STANLEY A. BOONE
United States Magistrate Judge